Filed 6/2/14  P. v. Spencer CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064819 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD246752) |
| NATHAN J. SPENCER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Nathan J. Spencer, in pro. per.; Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

Nathan J. Spencer appeals from the judgment following his guilty plea.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Spencer has responded to our invitation to file a supplemental brief.  After

having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

## I

### FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, Spencer was charged with petty theft with a prior theft offense (Pen. Code, §§ 484, 666)[1] and possession of a controlled substance (§ 11377, subd. (a)). The information further alleged five prison priors and two prior strikes. According to the probation officer's report, the petty theft involved taking a package from outside a residence.

In April 2013, Spencer pled guilty to the petty theft count and admitted he had a prior theft offense conviction. The plea agreement included a stipulation to a three-year sentence, and Spencer specifically gave up his right to appeal the stipulated sentence. In accordance with the plea agreement, the trial court sentenced Spencer to three years in prison.

## II

### DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable

---

[1] All further statutory references are to the Penal Code.

issues: (1) whether Spencer was properly advised of his constitutional rights, consequences of pleading guilty, and did he voluntarily waive them; and (2) whether there was a sufficient factual basis established for the guilty plea.

After we received counsel's brief, we gave Spencer an opportunity to file a supplemental brief. Spencer responded, attaching to his response an April 30, 2014 article from the Los Angeles Times about Governor Jerry Brown's recent decision to release some low-level, nonviolent prisoners to comply with a federal court order to reduce prison overcrowding. Spencer contends that he should obtain early release under that program. Although we understand Spencer's argument, the issue he raises is beyond the scope of this appeal. The early release program that Spencer references was developed after Spencer was convicted and sentenced in this matter, and is not within the scope of the issues decided by the trial court. We express no view on whether Spencer is eligible for the Governor's early release program.

Spencer also contends that his three-year sentence was "excessive." However, this argument lacks merit because, as we have explained, Spencer specifically gave up his right to challenge the stipulated sentence.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel and by Spencer, has disclosed no reasonably arguable appellate issue. Spencer has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:


_____
HUFFMAN, Acting P. J.


_____
HALLER, J.

4